```
          FILED              RECEIVED
          ENTERED            SERVED ON
                    COUNSEL/PARTIES OF RECORD

               DEC 2 8 2010

          CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY:                              DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

PHILLIP ASHDOWN,

        Plaintiff,

vs.

DR. SAVADERA, et al.,

        Defendants.

3:09-CV-00480-RCJ-RAM

ORDER

        Plaintiff Phillip Ashdown moves the court to reconsider its order dismissing his civil rights complaint (docket #9) and for an extension of his copywork limit (docket #10). Plaintiff's motion to reconsider relies upon F.R.C.P. Rule 15, which, he contends, afford him a right to amend his complaint to address mistakes or inaccuracies. Rule 15 is inapplicable in this instance. However, where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

        Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

Plaintiff has not presented new evidence and his "new" facts were available to him at the time he filed his original complaint. Neither has there been any change in the controlling law. The motion for reconsideration shall be denied.

Plaintiff's motion for an extension of his prison copywork limit to permit him to litigate the instant case shall also be denied as moot.

**IT IS THEREFORE ORDERED** that the motions for reconsideration (docket #9) and for extension of prison copywork limit (docket #10) are **denied.**

Dated: December 28, 2010

_____
UNITED STATES DISTRICT JUDGE

2